U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAFAYETTE

APR 0 1 2013

TONY R. MOORE, CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Joseph Thomas Savoie           Civil Action 6:10-1735

versus           Judge Richard T. Haik, Sr.

Louisiana State Penitentiary           Magistrate Judge C. Michael Hill

## ORDER

Before the Court is an Objection to the Magistrate Judge's Report and Recommendation, [Rec. Doc. 13], filed by the State of Louisiana [Rec. Doc. 20] as well as a Response to the Objection filed by Petitioner Joseph Thomas Savoie ("Petitioner") [Rec. Doc. 21].

Petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 which was referred to United States Magistrate Judge C. Michael Hill for Report and Recommendation pursuant to 28 U.S.C. § 636. On December 3, 2012, the Magistrate Judge issued a Report and Recommendation recommending that the Court grant Petitioner's *habeas corpus* petition, second and third claims for relief, based on his finding that Petition's rights under the Confrontation Clause had been violated during his state court trial.[1]

Petitioner is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. "On September 30, 2004, while serving a sentence for armed robbery, petitioner was arrested for the October 7, 1994 aggravated rape of a seventy-six year old woman. The crime had remained unsolved for approximately ten years until after the victim's death, at which time a semen stain on the victim's blouse was sent for DNA testing. A preliminary match to petitioner was made." R. 13. Petitioner was

---

[1] The Court agrees with the Magistrate Judge's recommendation that the Court deny petitioner's other claims for relief.

indicted and following a bench trial, was convicted of attempted aggravated rape. *Id.* On December 18, 2006, Petitioner was sentenced to serve 20 years imprisonment. *Id.* On December 10, 2008, Petitioner filed an application for Post Conviction Relief asserting, *inter alia*, that admission of hearsay testimony of the police officers at trial denied Petitioner his Sixth Amendment right to confront the victim. *Id.* The trial court found that some of the statements by the then deceased victim were excluded from evidence and the remainder were admitted under an exception to the hearsay rule. *Id.* The Louisiana Third Circuit Court of Appeal denied petitioner's request for writs application for post-conviction relief and the Louisiana Supreme Court denied review on September 3, 2010. *Id.*

Petitioner contends that his Sixth Amendment Confrontation Clause right was violated by the introduction of the victim's statement to Officer Bayard at the hospital while awaiting a rape examination, that the perpetrator had said "now you're going to have to suck me." *Trial Transcript, pp. 572-573*. The trial court admitted the testimony under the excited utterance exception based exclusively on Louisiana evidence law and did not resolve the constitutional issue. *Id. at pp. 571-572*. Accordingly, the Magistrate Judge properly considered petitioner's claim *de novo*. Further, the Magistrate Judge properly considered petitioner's claim under the Supreme Court's decisions in *Crawford v. Washington*, 541 U.S. 36 (2004), the consolidated cases, *Davis v. Washington*, 547 U.S. 813 (2006) and *Hammon v. Indiana*, 546 U.S. 1213(2006), and *Michigan v. Bryant*, 131 S.Ct. 1143, 1152 (2011). The Court disagrees, however, with the Magistrate Judge's finding that the statement made by the victim to Officer Bayard was in response to police interrogation.

Upon reviewing the trial transcript, the Court finds that the victim's statement in this case fits within the Supreme Court's definition of a nontestimonial - and

2.

therefore admissible - statement. The testimony of the state's witnesses was that the 76 year old female victim was found lying on the floor, at the front door, inside her home with her blouse removed and her hands painfully tied behind her back with wire. *Trial Transcript*. The testimony of the attending officers was consistent as to the victim's state of mind. That is, she remained "very, very, very upset," "overwhelmed," "distraught," "embarrassed," and "in shock." *Tr. 552, 556*. Officer Bayard testified repeatedly that she did not interrogate the victim, but only asked her "what happened" when she initially arrived at the scene. *Tr. 544, 558, 565*. Thereafter, Bayard stated, the victim made spontaneous statements without being questioned during the entire time Bayard remained with the victim at the scene and the hospital. *Tr. 544, 554, 559, 564, 565, 572*. The prosecutor specifically directed Bayard to testify as to the "statements [the victim] spontaneously made, not in response to a question that you may have posed to her . . . or any conversation you may have made with her" regarding what was done to her. Bayard testified the victim stated "he was a census taker" and that he told her, "Now you're going to have to suck me." *Tr. 572*.

At the conclusion of the testimony, the trial court found that petitioner was guilty of attempted aggravated rape. The court stated that he was "convinced beyond a reasonable doubt as a result of the forensic evidence that was presented that [petitioner] is the person who tied [the victim] up, bound up, and made threats to her." *Tr. 604*. The court further stated that "the State has proven beyond any doubt that [petitioner] did enter that home, did tie this elderly lady up, and did attempt, based on his statements and the physical evidence present [semen on the blouse which was off of the victim's body], did attempt these acts." *Tr. 605*.

The record provides that the victim had been alone and bound long enough to be in extreme pain and that she appeared to be in shock from the ordeal. Officer Bayard consistently testified that she never interrogated the victim, but that the victim blurted out statements about her assault at the scene and the hospital. The trial court specifically ruled that the statement at issue was an excited utterance and therefore an exception to the hearsay rule. The Court agrees that the victim's statements were cries for help, and therefore, excited utterances. While these statements continued sporadically from the scene to the hospital, Bayard testified that she stayed with the victim "for support and to stand by until the detective could arrive." *Tr. 559*.

In *Crawford*, the Court specifically distinguished between "witnesses" who "bear testimony" for Confrontation Clause purposes from those who do not as follows: "an accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an **acquaintance** does not." *Crawford*, 541 U.S. at 51. (emphasis added). Here, Bayard's testimony indicates that she served as more of a comforter to the victim than an interrogating government officer. Moreover, the Court must take into account that the assault was on a victim who was seventy-six years old, who was described as being in a "state of shock" and was still under the stress of the ordeal. *See Washington v. Cain*, 2010 WL 2595115 (M.D.La. 2010)(citing *State v. Yochim*, 496 So.2d 596, 599–600 (La.App. 1 Cir.1986)(The statement of petitioner's son was an "excited utterance" made while he was still under the stress and trauma of the events that had taken place and was not made for the purpose of establishing or proving any fact, such that it could be considered "testimonial.").

Based on the foregoing, the Court concurs with the trial court's conclusion that the victim's statement at issue was an "excited utterance" made while she was still

under the stress and trauma of the events that had taken place - and finds that the statement was not made for the purpose of establishing or proving any fact, such that it could be considered "testimonial" for purposes of *Crawford*, *Davis*, *Hammond* and *Bryant*. However, even if there was error in not excluding the statement, it was at most harmless. Confrontation errors are subject to a harmless error analysis. *State v. Hawkins*, 688 So.2d 473, 478 (La., 1997). The physical evidence establishing the petitioner's guilt of attempted rape was substantial. The victim's blouse was taken off of her, her hands were then bound with wire, her assailant ejaculated, leaving his semen on her blouse and DNA tests corroborated that the semen was petitioner's.

Accordingly, it is

**ORDERED** that petitioner Joseph Thomas Savoie's petition for writ of *habeas corpus* is **DENIED**.

**THUS DONE AND SIGNED**, in Lafayette, Louisiana, on this 27th day of March, 2013.

Richard T. Haik, Sr.
United State District Judge